ANIL K. CHAKRABARTI & another *vs.* MARCO S. MARINELLO ASSOCIATES, INC. September 10, 1981. This is an action for damages under G. L. c. 93A which was tried in the Housing Court of the County of Hampden. Judgment entered for the plaintiffs in February, 1977, in the amount of $6,500 and $1,000 attorney's fee. In *Chakrabarti* v. *Marco S. Marinello Associates*, 377 Mass. 419 (1979), the Supreme Judicial Court reversed the judgment and ordered the action dismissed, holding that the Housing Court lacked jurisdiction over c. 93A actions. Two days after the rescript was received in the Housing Court and the action dismissed, the Governor signed into law St. 1979, c. 72, which conferred jurisdiction on the Housing Courts in housing-related c. 93A actions. Nine months later the plaintiffs filed a "motion to recommence action," which was, in essence, a motion for relief from judgment under Mass.R.Civ.P. 60(b)(6), 365 Mass. 828

(1974). The judge allowed the motion, and we think there was no abuse of discretion in his doing so. The jurisdiction conferred by St. 1979, c. 72, related back to the commencement of the action, and, as the case had been fully and fairly tried, there was no need for retrial. *Goes* v. *Feldman,* 8 Mass. App. Ct. 84, 89-91 (1979). Judgment was correctly ordered for the plaintiffs in the amounts previously determined. The dictum relied on by the defendant ("At the extreme, no 'retroactive' procedural statute could apply to a case which had been closed . . ," *City Council of Waltham* v. *Vinciullo,* 364 Mass. 624, 627 [1974]) is not in point because, after the allowance of the motion for relief from judgment, the action was not in the posture of a "closed" case. As explained in *Goes* v. *Feldman,* 8 Mass. App. Ct. at 88, the meaning of that passage of the *Vinciullo* opinion is that a statute varying procedure will not ordinarily apply to a pending action if the procedural stage to which the statute pertains has already passed, but that principle does not limit the power of the court to allow motions under such rules as Mass.R.Civ.P. 59 (a), 365 Mass. 827 (1974), or Mass.R.Civ.P. 60, in appropriate cases.

*Judgment affffirmed.*

*Cornelius J. Moriarty, II,* for the defendant.
*David G. Sacks* for the plaintiffs.