JOSEPH P. LUBANES & another[1] vs. JOHN E. GEORGE.

Worcester. January 8, 1982. — May 25, 1982.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, LYNCH, & O'CONNOR, JJ.

*Practice, Civil*, Interlocutory appeal. *Medical Malpractice*, Tribunal, Bond. *Negligence*, Medical malpractice.

An appeal of a plaintiff in a medical malpractice action was not, in the circumstances, dismissed as interlocutory and not properly before the court, although Superior Court proceedings resulted in the dismissal of only a portion of the plaintiff's case. [323-324]

A plaintiff's claim against a physician alleging that he had performed a surgical procedure on the plaintiff without his consent was subject to the medical malpractice screening procedure established by G. L. c. 231, § 60B. [324-325]

A plaintiff's offer of proof before a medical malpractice tribunal convened pursuant to G. L. c. 231, § 60B, on his allegation that the defendant had performed an unauthorized operation, was sufficient to raise a question appropriate for further judicial inquiry. [326]

On appeal following proceedings before a medical malpractice tribunal convened pursuant to G. L. c. 231, § 60B, this court narrowed the rule of *Kapp* v. *Ballantine*, 380 Mass. 186 (1980), to the extent necessary to ensure that when two or more theories of liability, including a negligence claim, are proffered by the plaintiff, the case in negligence can proceed free of bond only upon a satisfactory offer of proof as to negligence; nevertheless, since it was not unreasonable, in the circumstances, for the plaintiff to have relied on the decision in *Kapp*, by having offered no evidence before the tribunal in support of his negligence claims, the plaintiff on remand to the Superior Court would be permitted to offer such proof. [326-327]

CIVIL ACTION commenced in the Superior Court Department on October 14, 1980.

---

[1] Bessie A. Lubanes brought derivative claims for loss of consortium. Since the issues presented here are the same as to both plaintiffs, we omit reference to Bessie's claims.

Following a decision by a medical malpractice tribunal, a motion for judgment was heard by *Meagher*, J.

After review was sought in the Appeals Court, the Supreme Judicial Court ordered direct appellate review on its own initiative.

*Roger J. Brunelle* for the plaintiffs.

*Douglas L. Fox* for the defendant.

HENNESSEY, C.J.   The plaintiff, Joseph P. Lubanes, brought an action against the defendant, Dr. John E. George, seeking to recover for damages arising out of a surgical procedure performed by Dr. George on Lubanes. Counts one and two allege that the defendant was negligent in his treatment and care of the plaintiff; counts 3 and 4 allege that the defendant performed an operation on the plaintiff without the plaintiff's informed consent and contrary to the plaintiff's express instructions.[2]

A medical malpractice tribunal was convened pursuant to G. L. c. 231, § 60B.   At the hearing before the tribunal, the plaintiff offered no evidence in support of his negligence claim.   His offer of proof concentrated solely on his allegation that the defendant had performed an unauthorized operation.[3]   Following the hearing, the tribunal issued a decision which concluded that, with respect to the plaintiff's negligence claim, the plaintiff's offer of proof "would not be sufficient to raise a legitimate question of liability appropriate for judicial inquiry."   As to the claim relating to unauthorized surgery, the tribunal determined that it "raises no appropriate question for decision by a Medical Malpractice Tribunal."   It is evident from the transcript of the hearing that the latter decision was based on the view that the plaintiff's battery claim was not within the scope of the medical malpractice tribunal statute.

---

[2] Counts 2 and 4 are the claims for loss of consortium.

[3] The plaintiff did not offer any evidence to support a claim based on lack of informed consent, and at oral argument before this court he stated that his primary claim was one in battery, and that this court should disregard so much of his complaint as alleges liability based on lack of informed consent.

The plaintiff filed several motions, one of which sought clarification by the tribunal regarding whether a bond was required in order for the plaintiff to pursue his claim.[4] The motions were all denied, except with respect to certain matters concerning technical errors in the text of the tribunal's decision. The plaintiff failed to post a $2,000 bond pursuant to G. L. c. 231, § 60B, and after the expiration of thirty days from the date of the tribunal's decision, a clerk of the Superior Court entered a judgment of dismissal as to counts 1 and 2 of the plaintiff's complaint, the negligence counts. The plaintiff appeals this judgment. He claims (1) that the tribunal erred in ruling that a complaint alleging unauthorized surgery raises no appropriate question for a medical malpractice tribunal, (2) that the judge erred in entering a judgment for the defendant as to the negligence counts, and (3) that the judge further erred in refusing to amend the decision of the tribunal so as to specify whether the plaintiff was required to post a bond before proceeding to trial. We agree with the plaintiff as to the first claim of error and, for reasons stated below, we vacate the judgment heretofore entered, and order that further proceedings be held before the malpractice tribunal.

We summarize the facts as stated in the plaintiff's offer of proof, read in a light most favorable to him. On December 1, 1977, the plaintiff visited the defendant concerning a skin problem on his left large toe. After examining the plaintiff's toe, the defendant told the plaintiff that he had a fungus in that area. The doctor recommended that the nail of the great left toe be removed, and the plaintiff agreed. Approximately two weeks later the plaintiff returned to the defendant's office to have the toenail removed. The plaintiff expressed some concern about possible surgery, whereupon the defendant assured him that only the toenail would

---

[4] The motions also sought to (a) amend the decision by substituting for the substantive language of the decision language favorable to the plaintiff, and (b) strike the decision of the tribunal and revoke the order establishing it on the ground that the physician on the tribunal was not a proper person to sit on the tribunal.

be removed, and that there would be no surgery, and no "cutting." The plaintiff was then asked to sign a "consent to operate" form. Although the consent form lists "Hallix nail removal" and "subungual exostosis" as the procedures to be performed, the plaintiff states that the latter procedure was not on the consent form when he signed it. The defendant removed the plaintiff's toenail, and also performed on the end of the toe a subungual exostectomy, a procedure in which a bony growth is surgically removed. As a result of the subungual exostectomy, the plaintiff has suffered continuing pain and discomfort in his toe.

1. Although the parties have not addressed the issue, we are met at the outset with the question whether the plaintiff's appeal should be dismissed as interlocutory and not properly before us. Since the Superior Court proceedings resulted in the dismissal of only a portion of the plaintiff's case, it could be said that this appeal is premature. See *Mood* v. *Kilgore*, 384 Mass. 459, 462-463 (1981). Compare *McMahon* v. *Glixman*, 379 Mass. 60, 62-64 (1979) (appeal appropriate where tribunal's order invoked dismissal of plaintiff's entire case), with *Vincent* v. *Plecker*, 319 Mass. 560, 564 (1946) ("Where there is but a single controversy in the case, it is true that a decree that leaves a part of that controversy undecided . . . is interlocutory and not final").[5] Nevertheless, in view of the importance of resolving the pro-

---

[5] The judgment entered against the plaintiff on counts 1 and 2 contains an express determination that there is "no just reason for delay." This determination is required under Mass. R. Civ. P. 54 (b), 365 Mass. 820 (1974), before a judgment may be certified as final with respect to "one or more but fewer than all of the claims" in a given case. Arguably, the judge's certification under rule 54 (b) was improper on the theory that the plaintiff's allegations of battery and negligence do not present separate "claim[s] for relief," within the meaning of the rule, but rather different theories of recovery arising out of the same cause of action. See, e.g., *Baca Land & Cattle Co.* v. *New Mexico Timber, Inc.*, 384 F.2d 701 (10th Cir. 1967). See generally 10 C.A. Wright & A.R. Miller, Federal Practice and Procedure § 2657 (1973). See also *J.B.L. Const. Co.* v. *Lincoln Homes Corp.*, 9 Mass. App. Ct. 250 (1980) (hardship or injustice must be shown before the judge may invoke his discretion to act under rule 54 [b]).

cedural uncertainties present in actions subject to G. L. c. 231, § 60B, and the omission of the defendant to raise the interlocutory aspect of the appeal, we find it appropriate to address the merits of the plaintiff's arguments.

2. The plaintiff argues that a complaint alleging unauthorized surgery raises an appropriate question for a medical malpractice tribunal. He further states that his offer of proof as to the unauthorized surgery, viewed in a light most favorable to the plaintiff, presented a question appropriate for further judicial inquiry. We agree.

A medical malpractice tribunal has jurisdiction over actions for "malpractice, error or mistake against a provider of health care." G. L. c. 231, § 60B, inserted by St. 1975, c. 362, § 5. On two prior occasions this court has addressed the question whether a particular claim falls within the scope of the statute. In *Little* v. *Rosenthal*, 376 Mass. 573 (1978), we held that an action under G. L. c. 93A, § 9, alleging that a nursing home committed an unfair or deceptive trade practice by rendering negligent care, was appropriately subject to the tribunal screening process. The court stated that "all treatment-related claims were meant to be referred to a malpractice tribunal." *Id.* at 576. The following year, in *Salem Orthopedic Surgeons, Inc.* v. *Quinn*, 377 Mass. 514 (1979), we held that an action for breach of a contract to produce a particular medical result was one for "malpractice, error or mistake." While the legislative history of the statute was found to be inconclusive on the issue, the court in *Quinn* concluded that the policy embodied in § 60B of discouraging frivolous claims against physicians would be furthered by including such actions within its scope. The court also noted that, as a practical matter, "[t]he dissimilarity between an ordinary malpractice action and one based on [a contract to produce a particular medical result] . . . may not become apparent until a late stage in judicial proceedings."[6] *Id.* at 519.

---

[6] Whether a particular type of action falls within the ambit of G. L. c. 231, § 60B, has also been addressed by the Appeals Court. In *Brodie* v.

The performance of a surgical procedure by a physician without the patient's consent constitutes professional misconduct. See *Reddington* v. *Clayman*, 334 Mass. 244, 245-247 (1956); *Schloendorff* v. *Society of N.Y. Hosp.*, 211 N.Y. 125, 129-130 (1914), overruled on other grounds, *Bing* v. *Thunig*, 2 N.Y.2d 656 (1957). As such, we think it is a type of "malpractice" within the meaning of G. L. c. 231, § 60B.[7] Certainly the performance of an unauthorized surgery is as much a form of malpractice as is the failure to produce a promised medical result. Compare *Reddington* v. *Clayman*, *supra*, with *Sullivan* v. *O'Connor*, 363 Mass. 579 (1973). Consequently, we follow the *Quinn* case and hold that a claim against a physician alleging that he performed a surgical procedure on the plaintiff without the plaintiff's consent is subject to the medical malpractice tribunal statute.

In addressing a claim alleging unauthorized surgery, a malpractice tribunal should "evaluate only the medical aspects of a malpractice claim for the purpose of distinguishing between cases of tortious malpractice and those involving 'merely an unfortunate medical result.'" *Quinn*, *supra* at 521. The narrow focus of a tribunal's inquiry in cases such as this one is limited to determining whether the procedure actually performed is or is not the procedure admittedly authorized by the plaintiff. Cf. *Reddington* v. *Clayman*, *supra* at 246.[8]

---

*Gardner Pierce Nursing & Rest Home, Inc.*, 9 Mass. App. Ct. 639 (1980), the court held that a count alleging that a patient resident in a nursing home was caused to slip and fall as a result of the careless and negligent maintenance of a stairway in the nursing home is not appropriate for consideration by a medical malpractice tribunal.

[7] Pursuant to the act which inserted § 60B, a special commission was established to study the problem of malpractice insurance within the Commonwealth. St. 1975, c. 362, § 12. In its interim report, the commission defined malpractice as follows: "Malpractice [is] the improper treatment or culpable neglect of a patient by a provider of health care services. It is based on the notion that the provider of service does not live up to the standard of care to which he is held. In other words, he does something which he should not do, or does not do something which he should do." 1976 House Doc. No. 4380, at 4-5.

[8] It may well be that in many such cases this question will not be disputed by the parties, and the principal issue will instead be whether in fact

It is evident that the plaintiff's offer of proof before the tribunal was sufficient to raise a question appropriate for further judicial inquiry. According to the plaintiff's affidavit and other documents, which we accept as true, see *McMahon* v. *Glixman, supra* at 66; *Little* v. *Rosenthal, supra* at 578, the plaintiff consented only to the removal of his toenail, and did not consent to any other surgery. In addition to removing the toenail, the defendant performed another surgical procedure, a subungual exostectomy, on the point of the plaintiff's toe. On the issue of consent, the plaintiff made a sufficient offer by his statement that he had consented only to the removal of his toenail.

3. The plaintiff argues that, because his offer of proof on his battery claim raises a legitimate question appropriate for judicial inquiry, he should be allowed to go forward with his entire case without the necessity of posting a bond.[9] He here relies on *Kapp* v. *Ballantine*, 380 Mass. 186 (1980) . In *Kapp,* the plaintiff alleged several bases for recovery against various providers of health care, viz.: negligence, assault and battery, invasion of privacy, intentional infliction of emotional distress, and misrepresentation. The court stated, "Although the complaint alleges several theories or bases of recovery against some of the defendants, we think the tribunal's function under § 60B is limited to the ascertainment of whether the offer of proof is sufficient as to any one of the theories." *Id.* at 192. We conclude that this language is not applicable to the instant case.

We think that applying the reasoning of the *Kapp* case here would produce a result that is inconsistent with the intent of the statute. Because the scope of the tribunal's in-

---

the plaintiff consented to the treatment. In these situations the parties should be allowed to stipulate that the battery claim raises a legitimate question appropriate for further judicial inquiry, so as to avoid the needless expense of a hearing before a malpractice tribunal.

[9] This issue was before this court in *Mood* v. *Kilgore,* 384 Mass. 459, 461 n.6 (1981); however, we declined to address the question and decided the case on other grounds.

quiry in contract[10] and battery claims is so narrow, such claims will usually survive the screening process. If a plaintiff with a negligence claim can advance sufficient facts to support an alternative claim in contract or battery and thus survive the very narrow inquiry of the tribunal, he would, according to the language of *Kapp*, be able to proceed to trial without bond on his negligence claim no matter how frivolous it is. Arguably, plaintiffs would be encouraged to manufacture contract or battery actions in order to avoid the screening process. We do not think that the Legislature intended this result. There is no question that the major legislative purpose of the malpractice tribunal is to protect the profession, as well as the public interest, against the often lengthy and costly pretrial and trial proceedings of unfounded negligence claims. Our holding in *Kapp* is consistent with the statutory purpose. Since, in that case, the plaintiff's offer of proof as to *negligence* was sufficient, the concurrent claims could proceed without bond and without further inquiry by the malpractice tribunal. In short, we here narrow the *Kapp* rule to the extent necessary to ensure that when two or more theories of liability, including a negligence claim, are proffered by the plaintiff, the case in negligence can proceed free of bond only upon a satisfactory offer of proof as to negligence.

4. It follows that the plaintiff may proceed on the battery claim without posting a bond. Because, in these unprecedented circumstances, it was not unreasonable for the plaintiff to rely on the *Kapp* case in the manner in which he did, we think it fair that he should now be permitted to offer before a malpractice tribunal his proof as to the negligence claims. Failing such suitable proof, of course, the negligence case may proceed further only upon compliance with statutory bond requirements.

Consequently, we order (1) that the judgment of dismissal as to counts 1 and 2 of the plaintiff's complaint be

---

[10] By "contract" claim we mean the type of malpractice action addressed in *Salem Orthopedic Surgeons, Inc.* v. *Quinn,* 377 Mass. 514 (1979). See *Sullivan* v. *O'Connor,* 363 Mass. 579 (1973).

vacated; (2) that the decision of the medical malpractice tribunal be vacated; (3) that, as to counts 3 and 4, there be substituted therefor a finding and decision that, upon the offer of proof presented by the plaintiff, the evidence thus offered and presented, if properly substantiated, is sufficient to raise a legitimate question of liability appropriate for judicial inquiry; (4) that the plaintiff be permitted to present an offer of proof before a malpractice tribunal as to counts 1 and 2; and (5) that the case be remanded to the Superior Court for further proceedings therein.

*So ordered.*