DOROTHY DiNOZZI *vs.* DAVID B. LOVEJOY & another. August 27, 1985. *Medical Malpractice*, Tribunal.

Upon consideration of the plaintiff's offer of proof, a medical malpractice tribunal found that the evidence was "not properly substantiated and not sufficient to raise a legitimate question of liability appropriate for judicial inquiry . . . ." Judgment entered dismissing the complaint after the plaintiff failed to file a $2,000 bond which the tribunal had ordered as a condition of maintaining the action. G. L. c. 231, c. 60B, inserted by St. 1975, c. 362, § 5. *McMahon* v. *Glixman*, 379 Mass. 60, 63-64 (1979). The question for the tribunal was whether the medical evidence set out in the offer of proof, if substantiated at trial, would be sufficient to withstand a motion for a directed verdict. *Little* v. *Rosenthal*, 376 Mass. 573, 578 (1978). *Gugino* v. *Harvard Community Health Plan*, 380 Mass. 464, 467-468 (1980). *Flagg* v. *Scott*, 9 Mass. App. Ct. 811 (1980). *Girard* v. *Crawford*, 13 Mass. App. Ct. 916 (1982).

The plaintiff suffered from back pain and her expert, Dr. Southmayd, an orthopedic surgeon, gave to the panel a written opinion which said in substance that the defendant, Dr. Lovejoy (an orthopedist), had failed to

diagnose a ruptured disc and had failed to undertake prompt surgical intervention. Had intervention been prompt, Dr. Southmayd added (he performed such surgery), the patient would have experienced a significantly better result. Dr. Southmayd gave his opinion upon "reasonable medical certainty."

Notes by examining physicians on the diagnostic test reports (these included an electromyogram and a myelogram) available to the defendant, Dr. Lovejoy, suggest that Dr. Southmayd ought perhaps to have been less certain about Dr. Lovejoy's failure to diagnose the extent of the plaintiff's problem. Those notations are tentative and consistent with the conservative course of treatment which Dr. Lovejoy adopted. The malpractice tribunal may, therefore, have been led to conclude that Dr. Southmayd had formed his opinion on facts which did not appear in the medical record. See *Girard* v. *Crawford*, 13 Mass. App. Ct. at 916. To do so, however, was to have engaged in an appraisal of the weight and credibility of the plaintiff's evidence, an exercise not permitted to a malpractice tribunal. *Gugino* v. *Harvard Community Health Plan*, 380 Mass. at 468. Diagnostic tests, such as electromyography and X-rays, are susceptible to interpretation, and it was open to Dr. Southmayd to testify that they signified to him and would signify to any competent reader the extent of the plaintiff's injury. As Dr. Southmayd wrote, "The diagnosis should not have been in doubt based upon the test results . . . ." The less clear cut reports of the reporting physicians, some contradiction between Dr. Southmayd's opinion letter and his own medical records, and a certain amount of further diagnostic testing and watchful waiting by Dr. Southmayd himself before operating on the plaintiff all go to weight and credibility. Indeed, their impact is powerful and persuasive. However, on the directed verdict standard of viewing the plaintiff's evidence, i.e., in a light most favorable to the plaintiff, *Graci* v. *Massachusetts Gas & Elec. Light Supply Co.*, 7 Mass. App. Ct. 221, 222 (1979), the offer of proof was sufficient.

Whether the corporate defendant was responsible for Dr. Lovejoy's conduct is a nonmedical question beyond the scope of authorized inquiry of the medical malpractice tribunal. *DiGiovanni* v. *Latimer*, 390 Mass. 265, 272 n.2 (1983). *Flagg* v. *Scott*, 9 Mass. App. Ct. at 812.

The judgment is reversed and the case is to stand for trial.

*So ordered.*

The case was submitted on briefs.
*Dante G. Mummolo* for the plaintiff.
*Philip E. Murray, Jr.*, for the defendants.