ELIZABETH KULAS *vs.* CHARLES H. WEEBER, III. September 17, 1985. *Medical Malpractice,* Tribunal. *Evidence,* Determination of medical malpractice tribunal.

The plaintiff brought an action against the defendant, a medical doctor, alleging that he "did not use due and proper care or skill in diagnosing or otherwise treating the plaintiff for her disease," which was "subsequently determined by her and her other physicians to be a tubovarian abscess." A medical malpractice tribunal hearing was held pursuant to G. L. c. 231, § 60B, inserted by St. 1975, c. 362, § 5. The tribunal determined that the evidence presented was "insufficient to raise a legitimate question of liability appropriate for judicial inquiry." The plaintiff posted the required bond. Trial was thereafter held before a Superior Court judge and jury. Over the plaintiff's objection, the judge allowed the determination of the medical malpractice tribunal to be admitted in evidence. The jury found for the defendant, and the plaintiff has appealed, claiming that the determination of the tribunal was error and that, in any event, it should not have been admitted in evidence.

1. *The correctness of the tribunal's determination.* The plaintiff argues that she presented sufficient proof to the tribunal to raise a legitimate question of liability appropriate for judicial inquiry. The question before the tribunal was whether the evidence set out in the offer of proof, if substantiated at trial, would be sufficient to withstand a motion for a directed verdict. *Little v. Rosenthal,* 376 Mass. 573, 578 (1978). *Girard v. Crawford,* 13 Mass. App. Ct. 916 (1982). "A plaintiff's offer of proof as to negligence will prevail before a malpractice tribunal, under the *Little* directed-verdict test, (1) if a doctor-patient relationship is shown, (2) if there is evidence that the doctor's performance did not conform to good medical practice, and (3) if damage resulted therefrom." *Kapp* v. *Ballantine,* 380 Mass. 186, 193 (1980). Here, the plaintiff submitted as her offer of proof her own affidavit, the affidavit of a medical expert, and summaries of the plaintiff's hospitalizations in September, 1975, and February, 1978. The plaintiff's affidavit merely identified the defendant as the doctor who had examined and treated her on August 28, 1975. The affidavit of the expert stated that "in [his] professional judgment [the plaintiff] was improperly diagnosed and improperly or . . . inadequately treated . . . by [the defendant] on August 28, 1975," and that as a result she suffered damages. The hospital records summarized the plaintiff's treatment by physicians other than the defendant.

Although the weight and credibility of the plaintiff's evidence is not a matter to be decided by the tribunal, see *Gugino* v. *Harvard Community Health Plan*, 380 Mass. 464, 468 (1980), the sufficiency of the offer of proof is well within its mandate. Here, the plaintiff failed to present sufficient evidence that the defendant doctor's performance did not conform to good medical practice. The affidavit of her expert consisted of mere conclusory allegations. The statute requires that "the plaintiff present, not mere allegations or an oral offer of proof by counsel, but 'evidence' to be 'properly substantiated' at trial." *Id.* at 467-468. The determination of the tribunal was correct.

2. *The admission of the determination of the tribunal in evidence.* General Laws c. 231, § 60B, states in pertinent part that "[t]he testimony of [an expert witness appointed by the tribunal] and the decision of the tribunal shall be admissible as evidence at a trial." Generally, trial courts interpreted this provision to mean that the ultimate finding of the malpractice tribunal is admissible in evidence. See, e.g., *Regula* v. *Bettigole*, 12 Mass. App. Ct. 934, 940 (1981). In *Beeler* v. *Downey*, 387 Mass. 609 (1982), the Supreme Judicial Court gave its interpretation of the provision. It held that, under the wording of the statute, the determination of the tribunal should not be admitted in evidence. *Id.* at 616-618.[1] The *Beeler* case was decided several months after the trial of the instant case. The plaintiff asks us to rule that the *Beeler* decision is to be applied retroactively. If we so rule, the plaintiff argues that the introduction in evidence of the tribunal's determination constituted prejudicial error. However, assuming, without deciding, that the *Beeler* decision is to be applied retroactively, we hold nonetheless that, as a result of the judge's instruction to the jury about the tribunal's determination, the admission of the determination was harmless error. See *Van Dyke* v. *Bixby*, 388 Mass. 663, 669-670 (1983).

The record discloses the following in regard to the admission in evidence of the tribunal's determination. On the first day of the trial, the plaintiff moved to bar the defendant from introducing the tribunal's determination in evidence or referring to it in his opening and closing statements. The judge denied the motion, and the determination was admitted at the close of the defendant's case.[2] At the time of its admission, the judge instructed the jury as to the limited significance of the tribunal's determination. Later, at the close of all the evidence, the plaintiff submitted requests for instructions to the judge, including a requested instruction concerning the tribunal's determination. The judge included in his charge all the major points con-

---

[1] The court held that under the statute "only the 'testimony' of an expert who testified before the tribunal and the 'decision' to appoint him need be admitted at trial." *Id.* at 618.

[2] The record shows that neither the plaintiff's counsel nor the defendant's counsel referred to the tribunal's determination in his opening or closing statements.

tained in that request with one exception.[3] He informed the jury (for the second time) of the nature and composition of the tribunal and the type of evidence that is placed before it. He reminded the jurors of their role as fact finders and told them that the tribunal's determination was not binding on them and that they could accept or reject it, in whole or in part, like any other piece of evidence. At the close of his instructions, he provided the jury with copies of an outline of his charge which included his instructions as to the tribunal's determination.

We hold that any prejudice to the plaintiff resulting from the admission in evidence of the tribunal's determination was eliminated by the judge's instruction, framed in large part in language requested by the plaintiff.[4] The instruction put the tribunal's determination in its proper context and thus removed any prejudice to the plaintiff from its admission. *Van Dyke* v. *Bixby*, 388 Mass. at 670.

*Judgment affirmed.*

*Keith S. Halpern (Nancy Gertner* with him) for the plaintiff.
*Francis D. Dibble, Jr. (Ellen M. Randle* with him) for the defendant.

---

[3] The judge did not instruct the jury, as the plaintiff had requested, that the parties had disagreed as to whether the tribunal had properly applied G. L. c. 231, § 60B, and whether its determination was correct.

[4] The plaintiff argues that the admission of the tribunal's determination violated her constitutional rights. The court has noted that the likelihood of unfair prejudice resulting from the admission of the tribunal's determination at trial "might well reach constitutional limits" if it is "insulated from further comment by either the trial judge or opposing counsel." *Beeler* v. *Downey, supra* at 615. The judge's careful instructions removed any unfair prejudice, and thus there was no violation of the plaintiff's constitutional right to a fair trial.

