BARBARA ELWOOD & another[1] *vs.* DAVID GOODMAN & another.[2] November 19, 1985. *Medical Malpractice,* Tribunal. *Negligence,* Medical malpractice. *Witness,* Expert.

Following is the substance of the plaintiff's offer of proof submitted to a medical tribunal pursuant to the procedure of G. L. c. 231, § 60B. During her pregnancy with her fourth child, the plaintiff Barbara Elwood authorized the defendant Dr. David Goodman, her physician, to sterilize her by cutting her Fallopian tubes. On the day Mrs. Elwood was delivered, Dr. Goodman at Quincy City Hospital performed upon her by the Pomeroy method a tubal ligation with cauterization of the free ends of the tubes. Some four and a half years later, Mrs. Elwood tested positive for pregnancy and then experienced vaginal bleeding and other symptoms justifying a diagnosis of tubal pregnancy. She was advised to seek immediate hospitalization. After being refused admission at Quincy City Hospital because she lacked medical insurance, Mrs. Elwood was admitted to St. Margaret's Hospital in Dorchester at 8:00 A.M., September 14, 1982. Forty-five minutes later she went into shock caused by a ruptured ectopic pregnancy in her left tube, and surgery followed, with recovery of a misplaced seven or eight week fetus.

Upon examining the medical records relevant to the tubal ligation and the subsequent pregnancy and surgical procedure, two physicians gave it as their opinion that Dr. Goodman had been negligent. The reports criticized, in the circumstances of the case, Dr. Goodman's use of the Pomeroy rather than the Irving method, the latter stated to involve the burial of the cut ends of the tubes in the broad ligaments, thus making for more secure closure of the tubes; the performance of the sterilization so soon after the delivery when the softness or edematous character of the tissues would tend to cause the suture materials to slip and their knots to loosen; and the use of catgut rather than the stronger silk sutures, which aggravated the tendencies mentioned.[3]

[1] Ralph Elwood, her husband, suing for loss of consortium.

[2] Eastern Obstetrical Associates, Inc., a corporation which provided the medical service through the defendant Goodman, a corporate officer.

[3] The proofs submitted included extracts from pertinent medical writings.

The medical tribunal, ruling that the plaintiffs had not raised a "legitimate question of liability appropriate for judicial inquiry" (G. L. c. 231, § 60B, first par., inserted by St. 1975, c. 362, § 5), wrote in explanation: "[O]n the advice of the physician member of the tribunal we find Dr. Goodman performed in an acceptable manner in all aspects of the sterilization procedure." A judge of the Superior Court approved the tribunal's decision, in effect, when he dismissed the action for the plaintiffs' failure to file bond. See § 60B, sixth par.

The tribunal's approach was erroneous. As far as appears, the tribunal merely preferred the opinion of its physician member to that of the two physicians tendered by the plaintiffs. The standard that should have been applied was whether the material comprised in the plaintiffs' offer of proof, when presented to a jury, would be enough to defeat a defendant's motion for a directed verdict, the motion being considered with the usual indulgence in favor of the plaintiffs. See *Little* v. *Rosenthal,* 376 Mass. 573, 578 (1978); *Gugino* v. *Harvard Community Health Plan,* 380 Mass. 464, 467-468 (1980); *DiNozzi* v. *Lovejoy,* 20 Mass. App. Ct. 973 (1985). Cf. *Jasper* v. *Tomaiolo,* 20 Mass. App. Ct. 201 (1985). In that light, the record presented a litigable issue; at oral argument counsel for the defendants could not fairly say otherwise. Of course, we venture no opinion about the ultimate merits or outcome of the action.

The defendants suggest that we should now uphold the tribunal on the ground that the two physicians did not have the qualifications to serve as experts. The question is whether "the trial judge *might properly rule* that the qualifications of the witness are sufficient." *Kapp* v. *Ballantine,* 380 Mass. 186, 192 (1980) (emphasis original). That was presumably the case with one of the physicians who had specialized experience, and it could well have been so with regard to the other, who had long experience as a general surgeon. See *Halley* v. *Birbiglia,* 390 Mass. 540, 543 n.4 (1983).

The foregoing analysis renders other considerations moot.[4]

The judgments appealed from are vacated, and a finding will enter on the docket of the Superior Court that the evidence presented, if properly substantiated at trial, is sufficient to raise a legitimate question of liability appropriate for judicial inquiry.

*So ordered.*

*George F. Leahy* for the plaintiffs.
*Thomas J. Lynch* for the defendants.

---

[4] After the tribunal found against them, the plaintiffs, on the assumption that the tribunal's ruling was correct, applied to the Superior Court for reduction, on grounds of indigency, of the amount of the bond required to be furnished. § 60B, sixth par. The judge denied the application and judgments were entered dismissing the action as to each defendant. Our decision moots the issue of bond reduction.

Besides a negligence claim, the plaintiffs alleged lack of informed consent and breach of promise. Having held that the negligence claim was litigable, we need not comment on the other claims. See *Kapp* v. *Ballantine,* 380 Mass. at 192. Cf. *Lubanes* v. *George,* 386 Mass. 320, 321 (1982).