# RESCRIPT OPINIONS.

IRENE KILMARTIN, administratrix, *vs.* LOWELL GENERAL HOSPITAL.
October 22, 1986. *Medical Malpractice,* Tribunal, Vicarious liability. *Negligence,* Medical malpractice.

Although the second amended complaint named Dr. Paul Barton, an emergency room physician at the Lowell General Hospital, and the hospital as defendants, the judgment before us relates solely to the hospital, as to which the judgment dismisses the action. It is not possible to divine from the record on what basis a medical malpractice tribunal convened on March 25, 1985, in accordance with G. L. c. 231, § 60B, arrived at its determination that the evidence against the hospital was not sufficient to raise a legitimate question of liability appropriate for judicial inquiry. We do not know whether that tribunal concluded that the plaintiff's offers of proof were insufficient or whether it concluded that, in any event, the hospital had no vicarious liability.

The decedent, Thomas L. Kilmartin, presented himself in the emergency room of the hospital on October 8, 1981, with chest pains. Dr. Barton examined him, concluded that a cardiac episode was unlikely, and sent Kilmartin home. As Kilmartin was not admitted to the hospital, the only basis on which the hospital could have been held liable was vicarious liability, i.e., as a party responsible for the conduct of Dr. Barton. Vicarious liability was not a question which the medical malpractice tribunal was jurisdictionally competent to decide. *DiGiovanni* v. *Latimer,* 390 Mass. 265, 272 & n.2 (1983). *Flagg* v. *Scott,* 9 Mass. App. Ct. 811, 812 (1980). *DiNozzi* v. *Lovejoy,* 20 Mass. App. Ct. 973, 974 (1985).

Dr. Barton, who is named as the primary defendant in the complaint, was not present at the tribunal hearing.[1] A second tribunal met May 22, 1986, and reported its determination that, as to Dr. Barton, evidence had been presented which, if properly substantiated, was sufficient to raise a question of liability appropriate for judicial inquiry. If the case against Dr. Barton is open to judicial inquiry, it is illogical to have the case against the hospital closed except on the very ground forbidden to a medical malpractice tribunal, namely, vicarious liability.

---

[1] The initial and first amended complaints named only Dr. Barton as a defendant. His answer had been filed. Why no one appeared for Dr. Barton at the March 25 tribunal hearing is not disclosed by the record.

We may speculate that the first tribunal considered the evidence against Dr. Barton and concluded that it was insufficient as to him. Then the conclusion would follow that the evidence was insufficient as to the hospital, since its liability was not alleged to be other than vicarious. We are faced with the anomaly, however, that the claim against Dr. Barton, against whom primary liability had been asserted, still stands for trial. What the instant case reflects is the unwisdom of a malpractice tribunal's attempting to assess the threshold merits of a claim against a party which can only be vicariously liable before the tribunal has considered the claim against the person primarily liable. At least in cases involving claims against joint defendants, one or more of whom are attacked on a theory of vicarious liability, a tribunal should hear the case of the primary defendant or defendants before or simultaneously with that of a secondary defendant. We do not intimate that a medical malpractice tribunal may not rule in a case where the claim is brought solely against the employer.

Parenthetically, we think that the opinion of the plaintiff's expert included in the submission to the first tribunal provided sufficient evidence to withstand a motion for a directed verdict in favor of Dr. Barton. Even short of the permissibly indulgent reading in favor of the plaintiff, there was no mistaking the expert's view that an electrocardiogram of the decedent had been misinterpreted and that he ought to have been held in the hospital for observation. See *DiNozzi* v. *Lovejoy*, 20 Mass. App. Ct. at 974, and cases cited. Contrast *Kulas* v. *Weeber*, 20 Mass. App. Ct. 983 (1985). The weight to be accorded that opinion in relation to contrary evidence belongs at a later stage of proceedings.

The judgment in favor of the hospital, the order for a bond, and the determination of the first tribunal are all vacated. The case against the hospital is to stand for trial together with the case against the physician, Dr. Barton.

*So ordered.*

*Howard H. Swartz* for the plaintiff.
*Martin C. Foster* for the defendant.