Lauriat, J.,
Cares, M.D., Foley. Plaintiffs Richard and Eileen Shaw filed this medical malpractice action to recover damages arising out of medical care and treatment provided to Richard Shaw by defendant, Eben Alexander, III, M.D. in 1989. Plaintiffs allege theories of negligence, lack of informed consent and battery. Pursuant to G.L.c. 231, §60B, a medical malpractice tribunal was convened on June 16, 1993 with three tribunal members present: Judge Peter Lauriat of the Superior Court, Attorney William Foley, and Doctor Herbert Cares. This memorandum of decision presents the findings of the tribunal panel with regard to the plaintiffs’ offer of proof.
DISCUSSION
General Laws c. 231, §60B requires that a medical malpractice tribunal “determine if the evidence presented!,] if properly substantiated!,] is sufficient to raise a legitimate question of liability appropriate for judicial inquiry . . . Substantial evidence shall mean such evidence as a reasonable person might accept as adequate to support a conclusion.” The tribunal’s function of analyzing evidence as “adequate to support a conclusion” is analogous to the trial judge’s function in ruling on a defendant’s motion for a directed verdict. Little v. Rosenthal, 376 Mass. 573, 578 (1978). An offer of proof is sufficient to satisfy the tribunal if evidence is presented of (1) a doctor-patient relationship, (2) the doctor’s failure to conform to good medical practice, and (3) resulting damage. Kapp v. Ballantine, 380 Mass. 186, 193 (1980).
“Statements by experts without the necessity of such experts appearing at [the] hearing" are acceptable evidence in a plaintiffs offer of proof, G.L.c. 231, §60B para. 5; but the tribunal must also determine that a trial judge in his or her discretion “might properly rule that the qualifications of the witness are sufficient” in order to admit such expert statements as “evidence” before the tribunal. Kapp, supra at 192 (emphasis in original); see also Jasper v. Tomaiolo, 20 Mass.App.Ct. 201,203 (1985) (expert testimony before tribunal must have “indicia of reliability”); accord Halley v. Birbiglia, 390 Mass. 540, 543 n. 4 (1983). The tribunal is not permitted to appraise the weight and credibility of expert’s opinions; nevertheless, it must find that an expert based his or her opinion on an adequate foundation. See Kilmartin v. Lowell General Hospital, 23 Mass.App.Ct. 901 (1986) (“weight to be accorded” expert opinion “belongs at a later stage of proceedings”). If an expert proffers only general commentary that applies generally to physicians and patients, but is not directed to the particular physician (defendant) and patient (plaintiff) before the tribunal, the expert’s statement may be deemed insufficient and rejected by the tribunal. Compare Jasper, supra (expert testimony held insufficient; expert opinion not based on particular facts in dispute) with Gugino v. Harvard Community Health Plan, 380 Mass. 464 (1980) (expert testimony held sufficient; expert’s familiarity with events and medical records at issue provided adequate basis for opinion).
I.
Based upon the plaintiffs’ submissions, this tribunal concludes that the expert opinion letter of H. Paul Lewis, M.D., dated July 31, 1992, is insufficient to support the plaintiffs’ offer of proof on their negligence claim. Dr. Lewis’s opinion letter is based on five items of “material” that were submitted to him by plaintiffs’ counsel:
1. Your memorandum dated April 28, 1992.
*37 2. Letter from Elizabeth Thomas, M.D. stating that Dr. Alexander informed her that the operation was at a different leve [sic] from the April surgery at L5/S1.
3. What I assume to be the records of Elizabeth Thomas, M.D. in reference to her patient, Richard Shaw, as well as pertinent parts of the hospital record of Brigham and Women’s Hospital from each of the admissions from April, 1988 through August, 1989.
4. Machine written composite of the records of Mr. Richard Shaw from the Harvard Community Health Plan.
5. A review of several cases in the legal literature involving informed consent.
Only two of those items, “parts” of Shaw’s hospital record and a “composite” of Harvard Community Health Plan records, are included in plaintiffs’ offer of proof. Moreover, there is no indication whether the portions of Shaw’s medical records submitted to the tribunal were the same “parts” reviewed by Dr. Lewis. Consequently, there is no showing in plaintiffs offer of proof that Dr. Lewis based his opinion on a review of the material facts of Shaw’s medical treatment. This panel is left to conclude that Dr. Lewis’s opinion is based, at least in part, upon assumptions and generalities, rather than upon the actual medical care given to Mr. Shaw. Without some evidence that plaintiffs’ expert’s opinion was not based on speculation, this panel cannot accept that opinion as proof of the defendant’s deviation from good medical practice. See Jasper, supra.'
II.
The plaintiffs’ offer of proof is also insufficient with regard to their claims of lack of informed consent and battery. In support of those claims, plaintiffs submitted two sets of answers to interrogatories in which they recounted their understanding of the nature and risks of the surgery of which Dr. Alexander informed them, along with Dr. Lewis’s letter setting forth his expert opinion as to what information Dr. Alexander should have provided to plaintiff Shaw. Notably missing from the materials presented to or reviewed by Dr. Lewis, as well as from plaintiffs’ offer of proof, are the consent forms for Shaw’s surgery which plaintiffs’ counsel acknowledged to exist at the tribunal hearing, that he executed prior to his operations. These consent forms would have formed a proper basis for determining whether Dr. Alexander’s care deviated from good medical practice. Moreover, Dr. Lewis apparently did not consider the plaintiffs’ answers to interrogatories, since they were not included among the materials he reviewed. Thus, again. Dr. Lewis’s expert opinion must be disregarded as based on generalities, rather than upon a review of the medical advice and information that the plaintiffs actually received and the consents that Shaw signed.
Having concluded that Dr. Lewis’s expert opinion is insufficient, the plaintiffs’ offer of proof rests only on their answers to interrogatories and the portions of Shaw’s medical records submitted by plaintiffs’ counsel. This evidence is not sufficient to satisfy the requirement of proof that Dr. Alexander failed to conform to good medical practice, even at the tribunal stage. See Kapp, supra. Applying a directed-verdict standard, this panel concludes that plaintiffs’ offer of proof does not raise a legitimate question of liability appropriate for judicial inquiry as mandated by G.L.c. 231, §60B.
ORDER
It is HEREBY ORDERED that, upon consideration of plaintiffs’ pleadings and offer of proof, the finding of the medical tribunal is for DEFENDANT Eben Alexander, III, M.D.