## CHEBACCO LIQUOR MART, INC. *vs.* ALCOHOLIC BEVERAGES CONTROL COMMISSION.

Suffolk. April 9, 1999. - June 16, 1999.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, FRIED, MARSHALL, & IRELAND, JJ.

*Alcoholic Liquors,* Sunday closing law. *Common Day of Rest. Constitutional Law,* Equal protection of laws. *Due Process of Law,* Sunday closing law.

The exception to the prohibition of Sunday sales of alcoholic beverages not to be consumed on the premises, set forth in G. L. c. 136, § 6 (52), and allowing such retail sales in municipalities within ten miles of either the New Hampshire or Vermont borders, is rationally related to the furtherance of legitimate State interests in capturing tax revenue for the Commonwealth, retaining business in the Commonwealth, and promoting the public convenience, and the ten-mile line was not unreasonable so as to violate the equal protection [722-724] or due process [724-725] provisions of either the Federal or State Constitution.

CIVIL ACTION commenced in the Superior Court Department on June 27, 1997.

The case was heard by *Margaret R. Hinkle*, J.

The Supreme Judicial Court granted an application for direct appellate review.

*Mary E. Murphy-Hensley*, Assistant Attorney General, for the defendant.

*Evan T. Lawson (J. Mark Dickison* with him) for the plaintiff.

WILKINS, C.J. The plaintiff, Chebacco Liquor Mart, Inc. (Chebacco), is a package store licensed under G. L. c. 138, § 15, to sell alcoholic beverages not to be consumed on the premises. During an eight-month period in 1996, Chebacco sold alcoholic beverages on Sundays from its store in Essex. The Sunday sale of alcoholic beverages by an entity licensed under § 15 is generally forbidden in the Commonwealth. G. L. c. 138, § 33. G. L. c. 136, § 5. Since 1990, an exception to that prohibition has allowed the retail sale of alcoholic beverages not to be consumed on the premises if the premises are located in a municipality which is within ten miles of either the New Hampshire or

Vermont border and the local licensing authorities grant a permit to do so. G. L. c. 136, § 6 (52), inserted by St. 1990, c. 150, § 316.[1] Both New Hampshire and Vermont generally allow Sunday sales by package stores. See N.H. Rev. Stat. Ann. § 177:5 (1994 & Supp. 1998); Vt. Stat. Ann. tit. 7, §§ 2, 62 (1988). No part of the town of Essex is located within ten miles of the northern border of Massachusetts.

The defendant Alcoholic Beverages Control Commission (commission) held a hearing to determine whether Chebacco had violated G. L. c. 138, § 33, and 204 Code Mass. Regs. § 2.05(2) (1993). Chebacco did not contest the fact that it had made Sunday sales but argued before the commission that the law providing an exception for municipalities near the border (the exception) was unconstitutional. The commission found that Chebacco had made Sunday sales in violation of law and suspended Chebacco's license for thirty days. Chebacco sought judicial review pursuant to G. L. c. 30A, § 14. A Superior Court judge reversed the commission's decision, ruling that the exception arbitrarily discriminated against competitors and, therefore, violated State and Federal principles of equal protection and due process. The commission appealed, and we granted Chebacco's application for direct appellate review. We reverse.

The applicable constitutional principles are well established. Because Chebacco does not claim that it is a member of a suspect group or that a fundamental interest is involved, the statute will be upheld against an equal protection argument as long as it is rationally related to the furtherance of a legitimate State interest. See *FCC* v. *Beach Communications, Inc.*, 508 U.S. 307, 313 (1993); *Dickerson* v. *Attorney Gen.*, 396 Mass.

---

[1]The relevant part of G. L. c. 136, § 6 (52), provides an exception to the prohibition of Sunday sales as follows:

"The retail sale of alcoholic beverages not to be drunk on the premises . . . on any Sunday by any retail establishment licensed under [G. L. c. 138, § 15,] and located in any city or town in Berkshire county, Essex county, Franklin county, Middlesex county or Worcester county, which city or town is located within ten miles of the New Hampshire border or within ten miles of the Vermont border; provided, however, that a local licensing authority may grant, at its discretion, a permit to allow the sale of alcoholic beverages under this clause; and, provided further, that no such sale shall occur unless such permit has been granted . . . ."

740, 743 (1986). The standard under the Federal and State Constitutions is the same. *Tobin's Case*, 424 Mass. 250, 252 (1997). *Commonwealth* v. *Franklin Fruit Co.*, 388 Mass. 228, 235 (1983).

The Sunday closing law and its various exceptions serve a variety of legitimate State purposes. The purpose of the Sunday closing law is to provide a "uniform day of rest and relaxation." *Zayre Corp.* v. *Attorney Gen.*, 372 Mass. 423, 437 (1977). Certain exceptions to the prohibition have been understood to further the prohibition's purpose by "adding to Sunday's enjoyment." See *Gallagher* v. *Crown Kosher Super Mkt. of Mass., Inc.*, 366 U.S. 617, 623 (1961) (plurality opinion). Other exceptions have been understood to serve other purposes, possibly at odds with the provision of a day of rest but nevertheless necessary. See *Zayre Corp.* v. *Attorney Gen.*, *supra* at 439-440.

The commission correctly argues that the exception serves three legitimate purposes: capturing tax revenue for the Commonwealth, retaining business in the Commonwealth that would otherwise be lost to our northern neighbors, and promoting the public convenience. Chebacco contends that the exception fails because it is not rationally related to any of these purposes. Because the line between liquor stores is the southern boundary of each municipality within ten miles of the State lines, the exception may apply differently to stores that are located the same distance from the Commonwealth's northern border.

Legislative line drawing "requires that some persons who have an almost equally strong claim to favored treatment be placed on different sides of the line," *FCC* v. *Beach Communications, Inc.*, *supra* at 315-316, quoting *United States R.R. Retirement Bd.* v. *Fritz*, 449 U.S. 166, 179 (1980), but such line drawing does not violate equal protection principles simply because it "is not made with mathematical nicety or because in practice it results in some inequality." *Dandridge* v. *Williams*, 397 U.S. 471, 485 (1970), quoting *Lindsley* v. *Natural Carbonic Gas Co.*, 220 U.S. 61, 78 (1911). See *Tarin* v. *Commissioner of the Div. of Medical Assistance*, 424 Mass. 743, 755 (1997). A classification will be considered rationally related to a legitimate purpose "if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." *FCC* v. *Beach Communications, Inc.*, *supra* at 313, and cases cited. See *Zayre Corp.* v. *Attorney Gen.*, *supra* at 433.

In balancing the aims of the Sunday closing law and the

legitimate purposes behind the exception, the Legislature could have rationally concluded that liquor retailers near the border were most economically disadvantaged by the Sunday closing law and that tax revenue would be lost in the greatest measure if package stores near the border were closed on Sunday. The Legislature could have found further that consumers in the southern part of the State were likely to purchase alcoholic beverages Monday through Saturday rather than drive to New Hampshire or Vermont on Sunday.

Use of the southern border of municipalities results in uniformity within each community. The Legislature has given local licensing authorities broad power to regulate the sale of alcoholic beverages within their communities. See G. L. c. 138, §§ 12, 15, 23. The Legislature rationally could have determined that the line as drawn maintained administrative convenience and preserved local control over the sale of liquor in each community.

The exception is not so wide of any reasonable mark that it is violative of the equal protection provisions of either the Federal or State Constitution. See *Pinnick* v. *Cleary*, 360 Mass. 1, 30 (1971). "Every economic classification is in some manner arbitrary but the drawing of the line between classifications is a task to be exercised at the discretion of the appropriate branch of government. That branch of government in our system is the Legislature." *Zayre Corp.* v. *Attorney Gen., supra* at 433-434. See *Pinnick* v. *Cleary, supra,* quoting *Louisville Gas & Elec. Co.* v. *Coleman,* 277 U.S. 32, 41 (1928) (Holmes, J., dissenting).

For the reasons just stated, the exception also does not violate Chebacco's due process rights under the State and Federal Constitutions. "The due process clause of the Fourteenth Amendment to the United States Constitution demands that a statute bear a 'reasonable relation to a permissible legislative objective.' " *Blue Hills Cemetery, Inc.* v. *Board of Registration in Embalming & Funeral Directing,* 379 Mass. 368, 373 (1979), quoting *Pinnick* v. *Cleary, supra* at 14. Under the cognate provisions of the Massachusetts Constitution, legislation must bear "a real and substantial relation to the public health, safety, morals, or some other phase of the general welfare." *Blue Hills Cemetery, Inc.* v. *Board of Registration in Embalming & Funeral Directing, supra,* quoting *Sperry & Hutchinson Co.* v. *Director of the Div. on the Necessaries of Life,* 307 Mass. 408,

418 (1940). The State Constitution may provide greater substantive due process protections than the Federal Constitution. See *Corning Glass Works* v. *Ann & Hope, Inc. of Danvers*, 363 Mass. 409, 416 (1973); *Coffee-Rich, Inc.* v. *Commissioner of Pub. Health*, 348 Mass. 414, 421 (1965). "Any difference between the two constitutional standards in the area of economic regulation, however, is narrow," and we see no reason to apply a different standard in this case. *Blue Hills Cemetery, Inc.* v. *Board of Registration in Embalming & Funeral Directing, supra* at 373 n.8. The exception sufficiently furthers plausible legislative objectives through reasonable means.

The judgment of the Superior Court is reversed and judgment shall be entered for the commission.

*So ordered.*