CATHERINE CARTER *vs.* SALLY I. BOWIE & others.[1]

Middlesex. September 11, 2000. - October 16, 2000.

Present: MARSHALL, C.J., ABRAMS, GREANEY, IRELAND, SPINA, COWIN, & SOSMAN, JJ.

*Negligence,* Medical malpractice, Licensed independent clinical social worker. *Medical Malpractice,* Tribunal. *Statute,* Construction. *Constitutional Law,* Equal protection of laws. *Words,* "Provider of health care."

Where independent clinical social workers, licensed under G. L. c. 112, § 131, were not enumerated in G. L. c. 231, § 60B, as "provider[s] of health care," they were not entitled to a hearing before a medical malpractice tribunal on civil claims for negligence or malpractice. [565-567]

General Laws c. 231, § 60B, does not deny licensed independent clinical social workers (LICSWs) equal protection of the laws, in that there is a rational basis for the Legislature not to have enumerated LICSWs therein as "provider[s] of health care." [567-569]

In an action for negligence and malpractice brought against a licensed psychologist and five licensed independent clinical social workers "affiliated in practice" with the psychologist, there was no basis in the pleadings for a claim that the social workers were "agents" of a provider of health care such as would entitle them to a hearing before a medical malpractice tribunal pursuant to G. L. c. 231, § 60B. [569-570]

CIVIL ACTION commenced in the Superior Court Department on October 15, 1998.

A motion to quash defendants' requests for a medical malpractice tribunal was heard by *Allan van Gestel,* J.

Leave to prosecute an interlocutory appeal was allowed in the Appeals Court by *Andre A. Gelinas,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Carmen L. Durso* for the plaintiff.

*Richard L. Nahigian* for Sally I. Bowie.

*Patrick J. Dolan* for Annelle Rowen & others.

---

[1]Mary M. Bosley, Paul S. Bosley, Annelle Rowen, Timothy M. Clark, Ellen C. Mathewson, Sandra J. Orenstein, and Ann S. Solomon Schwartz. The defendants Mary M. Bosley and Paul S. Bosley are·not parties to this appeal.

SOSMAN, J. The sole issue in these interlocutory appeals is whether an independent clinical social worker licensed under G. L. c. 112, § 131 (LICSW), is "a provider of health care" entitled to a medical malpractice tribunal under G. L. c. 231, § 60B. We conclude that LICSWs are not entitled to a malpractice tribunal under G. L. c. 231, § 60B, and order that the plaintiff's motion to quash the defendants' requests for a tribunal be allowed in its entirety.

1. *Background.* The plaintiff's amended complaint alleges that she was a patient of the defendant Mary Bosley, a licensed psychologist. The plaintiff claims that Bosley's treatment was negligent in many respects, including an alleged failure "to maintain proper boundaries between patient and therapist."

After several years of this allegedly negligent treatment, Bosley referred the plaintiff to the defendant Sally Bowie, a LICSW. Bowie rendered therapy to the plaintiff and Bosley jointly for a period of two to three months. The plaintiff contends that Bowie was negligent in failing to advise Bosley that her (Bosley's) treatment of the plaintiff was inappropriate, in failing to warn the plaintiff that Bosley's treatment was inappropriate, in failing to advise the plaintiff to seek sole rather than joint treatment, and in failing to report Bosley's misconduct to licensing authorities.

The amended complaint also names as defendants six therapists who were allegedly "affiliated in practice" with Bosley. Five of those defendants (Annelle Rowen, Timothy Clark, Ellen Mathewson, Sandra Orenstein, and Ann Solomon Schwartz) are LICSWs. The remaining defendant, Paul Bosley, is licensed as a marriage and family therapist pursuant to G. L. c. 112, § 165. The plaintiff claims that the defendants who were "affiliated" with Bosley knew or should have known that Bosley's treatment of the plaintiff deviated from accepted practices and that they failed to advise Bosley that her treatment of the plaintiff was inappropriate, failed to warn the plaintiff that she was receiving inappropriate treatment from Bosley, and failed to report Bosley to licensing authorities.

With their answers, the defendant Bowie and the defendants "affiliated" with Bosley each filed a request for a medical malpractice tribunal,[2] G. L. c. 231, § 60B, whereupon the

---

[2] Mary Bosley, whose status as a licensed psychologist would indisputably entitle her to a tribunal under G. L. c. 231, § 60B, never requested a tribunal.

plaintiff filed a motion to quash those requests. The motion to quash was denied as to Bowie and allowed as to the other defendants "affiliated" with Bosley. The plaintiff then sought an interlocutory appeal from the partial denial of her motion to quash, and the defendants Rowen, Clark, Mathewson, Orenstein, and Schwartz filed cross appeals.[3] We transferred the case to this court on our own motion.

2. *Definition of "provider of health care" under § 60B.* An action against "a provider of health care" based on alleged "malpractice, error or mistake" must first be submitted to a tribunal for its determination whether the plaintiff's evidence "is sufficient to raise a legitimate question of liability appropriate for judicial inquiry." G. L. c. 231, § 60B. Section 60B defines "a provider of health care" as "a person, corporation, facility or institution licensed by the commonwealth to provide health care or professional services as a physician, hospital, clinic or nursing home, dentist, registered or licensed nurse, optometrist, podiatrist, chiropractor, physical therapist, psychologist, or acupuncturist, or an officer, employee or agent thereof acting in the course and scope of his employment." The plaintiff contends that only those health care professionals specifically enumerated in the § 60B list are entitled to a tribunal and that LICSWs, appearing nowhere on that list, therefore are not entitled to a tribunal. The defendants argue that the list set forth in § 60B modifies only the immediately preceding term "professional services" and that the term "licensed by the commonwealth to provide health care" is not modified or limited by the list. Because they are "licensed by the commonwealth to provide health care," the defendants argue that they are entitled to a tribunal.

In *Perez v. Bay State Ambulance & Hosp. Rental Serv., Inc.*, 413 Mass. 670, 675-676 (1992), we held that emergency medical technicians (EMTs) were not "provider[s] of health care" within the meaning of § 60B. In doing so, we noted that EMTs "were not included in the Legislature's list" and rejected the assertion that merely being "licensed by the Commonwealth" would suffice to bring a health care professional within the ambit of the tribunal statute. *Id.* at 675. See *Rahilly v. North Adams Regional Hosp.*, 36 Mass. App. Ct. 714, 721 (1994) ("lifeflight" helicopter service not "provider of health care" within G. L. c. 231, § 60B).

---

[3]Paul Bosley, the licensed marriage and family therapist, did not seek an appeal from the order quashing his request for a tribunal.

The defendants ask this court to revisit the *Perez* case and to consider their alternative interpretation of the § 60B list, i.e., that the list only modifies the term "professional services" and not the term "licensed by the commonwealth to provide health care."[4] We are unpersuaded. The proposed alternative reading would render the list itself superfluous, as the health care professions identified in the list would already be covered by the term "licensed by the commonwealth to provide health care." Physicians, dentists, nurses, optometrists, podiatrists, chiropractors, physical therapists, psychologists, and acupuncturists are all "licensed by the commonwealth to provide health care," and there would be no need to enumerate those specific professions in the statutory definition if the definition were intended to include every conceivable form of licensed health care professional. "It is a common tenet of statutory construction that, wherever possible, no provision of a legislative enactment should be treated as superfluous." *Casa Loma, Inc.* v. *Alcoholic Beverages Control Comm'n*, 377 Mass. 231, 234 (1979). A reading of § 60B that renders superfluous its listing of specific licensed professions would be contrary to that canon of construction.

The defendants argue that the purposes underlying the malpractice tribunal are equally applicable to the profession of social work and that we should therefore read the statutory definition broadly so as to accord social workers the protection of a tribunal. In establishing the mechanism of a screening tribunal for medical malpractice cases, the Legislature sought to

---

[4]The defendants also suggest that *Perez* v. *Bay State Ambulance & Hosp. Rental Serv., Inc.*, 413 Mass. 670 (1992), can be distinguished on the ground that the ambulance EMTs there were sued only for failing to transport a patient, not for the rendering of any health care services. That proffered distinction was not the basis for the *Perez* decision, nor does it hold up under scrutiny. The claims against those defendants included the allegation that the EMTs, after taking the patient's vital signs and erroneously determining that there had been no significant change from their prior transport of the patient, had communicated with the hospital emergency room concerning the patient's desire to be transported back to the hospital to refill a prescription but had failed to alert the hospital to the changes in the patient's condition. *Id.* at 672-673. The plaintiff's expert had opined that, had the EMTs accurately reported the patient's worsening condition to the emergency room personnel, the hospital would have authorized the transport. *Id.* at 674-675. An EMT's assessment of a patient's condition at the scene and report of those conditions back to emergency room personnel would appear to qualify as the rendering of health care services.

discourage frivolous malpractice claims and thereby contain the rising cost of medical malpractice insurance. See *Little* v. *Rosenthal*, 376 Mass. 573, 577 (1978); *Paro* v. *Longwood Hosp.*, 373 Mass. 645, 647, 651 (1977); *Austin* v. *Boston Univ. Hosp.*, 372 Mass. 654, 655 n.4 (1977). The defendants argue that the dual problems of frivolous claims and escalating malpractice premiums persist in all branches of health care, and that including all licensed health care professionals within § 60B will further the over-all legislative purpose. They specifically argue that the health care services they provide as LICSWs are virtually identical to those provided by licensed psychologists and that, where the Legislature expressly included psychologists in § 60B, the Legislature must have intended to include LICSWs as well.

Whatever the merits of the defendants' policy argument may be, the Legislature has crafted a lengthy and detailed list of the professions covered by § 60B. Any expansion of that list must be left to the Legislature. Consistent with our analysis in *Perez* v. *Bay State Ambulance & Hosp. Rental Serv.*, *supra*, we hold that the malpractice tribunal statute covers only those health care professions expressly identified in the list of licensed providers set forth in § 60B.

3. *Equal protection.* The defendants next argue that excluding LICSWs from § 60B denies them equal protection of the laws in violation of the Federal and State Constitutions. LICSWs are not members of a suspect group, nor is there any fundamental interest at stake in according or denying them the screening mechanism of a malpractice tribunal. As such, § 60B does not deny LICSWs equal protection "as long as it is rationally related to the furtherance of a legitimate State interest." *Chebacco Liquor Mart, Inc.* v. *Alcoholic Beverages Control Comm'n*, 429 Mass. 721, 722 (1999).

The defendants' assertion that the services they provide are virtually identical to those provided by licensed psychologists does not suffice to make out their equal protection claim. "Legislative line drawing 'requires that some persons who have an almost equally strong claim to favored treatment be placed on different sides of the line.' " *Id.* at 723, quoting *FCC* v. *Beach Communications, Inc.*, 508 U.S. 307, 315-316 (1993). Many professions provide services aimed at the mental and emotional health of their clients, and many of those professions may employ techniques that are also used by licensed

psychologists. The drawing of a line that provides psychologists with the benefit of a malpractice tribunal but denies that benefit to other related professions does not violate equal protection "if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." *Chebacco Liquor Mart, Inc.* v. *Alcoholic Beverages Control Comm'n, supra,* quoting *FCC* v. *Beach Communications, Inc., supra* at 313. "[S]uch line drawing does not violate equal protection principles simply because it 'is not made with mathematical nicety or because in practice it results in some inequality.' " *Chebacco Liquor Mart, Inc.* v. *Alcoholic Beverages Control Comm'n, supra,* quoting *Dandridge* v. *Williams,* 397 U.S. 471, 485 (1970).

Notwithstanding the overlap between the forms of therapy rendered by licensed psychologists and those rendered by LICSWs, the Legislature has defined and treated these two categories of providers differently. They are licensed and governed by separate boards of registration (see G. L. c. 13, § 76 [board of registration of psychologists], and G. L. c. 13, § 80 [board of registration of social workers]), and they have differing education and experience requirements for licensure (compare G. L. c. 112, §§ 119 and 120 [requirements for psychologist license] with G. L. c. 112, §§ 131 and 132 [requirements for social worker license]). The statutory description of the range of services offered and the techniques used by licensed psychologists is different from the services and techniques outlined for social workers. Compare G. L. c. 112, § 118 (defining "practice of psychology"), with G. L. c. 112, § 130 (defining "practice of social work"). While the two professions share some services and techniques in common, each offers services and uses techniques that are not offered or used by the other.

With respect to the defendants' specific assertion that they provide the same types of psychotherapy as that provided by psychologists, the Legislature has expressly characterized the psychotherapy that social workers are to provide as "psychotherapy of a nonmedical nature." G. L. c. 112, § 130. Consistent with the Legislature's view that the therapy provided by social workers is "nonmedical," the governing statutes tellingly refer to the individuals serviced by social workers as "clients," whereas the individuals serviced by psychologists are referred to as "patients." See G. L. c. 112, § 129A (protecting confidential communications between psychologist and "pa-

tient"); G. L. c. 112, § 135A (protecting confidential communications between social worker and "client"). Finally, the Legislature's view that these are overlapping yet distinct professions is articulated clearly by the mandate that social workers not hold themselves out to the public as psychologists and vice versa. See G. L. c. 112, § 125 (allowing "qualified members of other professions or occupations such as . . . social workers" to do "work of a psychological nature consistent with the accepted standards of their respective professions" provided they do not hold themselves out to the public as "psychologists"); G. L. c. 112, § 134 (allowing "qualified members of other professions or occupations such as . . . licensed psychologists" to do "work of a social service nature" provided they do not hold themselves out to the public as engaging "in the practice of social work").

Despite common goals and utilization of some common methods, the profession of social work is not identical to the profession of psychology. Granting psychologists the benefit of a malpractice tribunal while denying that benefit to "nonmedical" professionals who also address the emotional and psychological well-being of their clients is perfectly rational. Equal protection analysis does not compel the inclusion of LICSWs in § 60B.

4. *Officer, employee, or agent.* The § 60B definition of "provider of health care" also includes "an officer, employee or agent" of any person or entity on the list of specific licensed health care providers where that officer, employee or agent was "acting in the course and scope of his employment." In a memorandum in support of her petition for interlocutory review, the plaintiff referred to the defendants Rowen, Clark, Mathewson, Orenstein, and Schwartz as "Bosley's partners in a group practice." Seizing on that reference to "partners," and invoking the doctrine that partners are "agents" of the partnership, see G. L. c. 108A, § 9 (1), these defendants contend in the alternative that they are entitled to a tribunal as alleged "agents" of a licensed psychologist.

No such argument was made below, for the simple reason that the amended complaint does not allege a "partnership" or any other form of "agency" relationship between these defendants and Bosley. The amended complaint does not set forth claims stemming from anything these defendants allegedly did on Bosley's behalf, nor does it assert that these defendants

are vicariously liable for Bosley's misconduct. Rather, the claims against these defendants are predicated entirely on their own alleged professional negligence in failing to take any action when they knew or should have known that Bosley's treatment of the plaintiff had gone beyond the bounds of an appropriate therapeutic relationship. The allegation in the amended complaint that defendants were "affiliated in practice" with Bosley (an allegation that falls short of alleging a "partnership" or other "agency" relationship) is merely set forth as the factual basis for the claim that these defendants were in a position to know of the impropriety in Bosley's handling of the plaintiff's therapy.

The defendants did not contend before the trial court, and do not contend here, that they were "agents" of Bosley. They have, in their brief to this court, denied that they were "partners" with Bosley; in their answer to the allegation that they were "affiliated in practice" with Bosley, they have admitted only that they were "an association for the practice of psychotherapy" and that Bosley was "associated" with them. In the absence of any assertion by any party that these defendants were "agents" of Bosley, or any claim based on an "agency" relationship, there is no basis for granting them a malpractice tribunal as "agent[s]" of "a provider of health care."[5]

The judge's order denying the plaintiff's motion to quash the defendant Sally Bowie's request for a medical malpractice tribunal is reversed and the judge's order allowing the plaintiff's motion to quash the remaining defendants' requests for a medical malpractice tribunal is affirmed. The case is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*

---

[5]While a tribunal does not determine vicarious liability for another provider's malpractice, see *DiGiovanni* v. *Latimer*, 390 Mass. 265, 272 n.2 (1983); *Kilmartin* v. *Lowell Gen. Hosp.*, 23 Mass. App. Ct. 901 (1986); *DiNozzi* v. *Lovejoy*, 20 Mass. App. Ct. 973, 974 (1985); *Flagg* v. *Scott*, 9 Mass. App. Ct. 811, 812 (1980), a defendant would be entitled to have a tribunal review whether the claims of malpractice on the part of the principal tortfeasor raise a legitimate question of liability appropriate for judicial inquiry. Here, where Bosley has not sought a tribunal hearing for the claims of malpractice against her, there has been no tribunal determination with respect to those claims.